UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STRYKER CORPORATION, et al.,

      Plaintiffs,

v.

XL INSURANCE AMERICA, formerly
known as WINTERTHUR INTERNATIONAL
AMERICA INSURANCE COMPANY,

      Defendant.
_____/

File No.  4:01-CV-157

HON. ROBERT HOLMES BELL

## MEMORANDUM OPINION AND ORDER REGARDING WINTERTHUR AS A SWISS COMPANY

This matter is before the Court on Defendant XL Insurance America's ("XLIA") unopposed motion in limine to exclude evidence of Winterthur as a Swiss Company. (XLIA's Mot., Docket #718.)  This motion was filed on the eve of trial in September of 2005, however, the Court subsequently adjourned the case without a new trial date. (Sept. 15, 2005 Mem. Op. & Order, Docket #756, at 2.)  Following the Court's approval and adoption of the Magistrate Judge's two report and recommendations on July 14, 2006, the Court directed the parties to identify which of the motions in limine remain to be decided.  The parties have since submitted such notices and this motion remains to be decided.  (Ams. to XLIA's Mots. in Limine, Docket #817, at 1.)

XLIA was formerly known as Winterthur International America Insurance Company. XLIA contends that Plaintiffs, Stryker Corporation and Howmedica Osteonics Corporation

(collectively "Stryker"), intend to introduce demonstrative evidence suggesting that Winterthur is a Swiss Company or that it has some relation to Switzerland. XLIA seeks to exclude such evidence as irrelevant. FED. R. EVID. 401, 402.

XLIA first points out that XL Insurance America is the party at issue in this case and that it is a Wisconsin company with its principal place of business in Sun Prairie, Wisconsin. Further, XLIA contends that its predecessor, Winterthur International America Insurance Co., was an American company. In addition, XLIA argues that whether Winterthur is a Swiss company is irrelevant to the issues in this case. To resolve the evidentiary question before the Court, the Court does not need to determine whether XLIA and Winterthur are American or Swiss companies.

The issues in this case encompass whether XLIA is obligated to provide defense and indemnity to Stryker for the underlying litigation related to Uni-Knees sold by Stryker. Whether XLIA or its predecessor are Swiss or American companies bears no relationship to the questions of contract interpretation and the other associated factual questions that will be before the jury. As the nationality of the firms is not a "fact that is of any consequence" it is irrelevant and therefore inadmissible. FED. R. EVID. 401. Accordingly,

**IT IS HEREBY ORDERED** that Defendant XL Insurance America, Inc.'s motion in limine to disallow evidence of Winterthur as a Swiss company (Docket #718) is **GRANTED**.

Date:   December 20, 2006            /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     CHIEF UNITED STATES DISTRICT JUDGE