UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STRYKER CORPORATION, et al.,

   Plaintiffs,

                   File No.  4:01-CV-157

v.

                   HON. ROBERT HOLMES BELL

XL INSURANCE AMERICA, formerly
known as WINTERTHUR INTERNATIONAL
AMERICA INSURANCE COMPANY,

   Defendant.
                       /

### MEMORANDUM OPINION AND ORDER REGARDING SETTLEMENT AND DEFENSE AMOUNTS AND REFERENCE TO THE SECOND PHASE OF THE TRIAL

   This matter is before the Court on Defendant XL Insurance America's ("XLIA") motion in limine to exclude evidence regarding settlement and defense amounts and reference to the second phase of the trial. (XLIA's Mot., Docket #712.)  This motion was filed on the eve of trial in September of 2005, however, the Court subsequently adjourned the case without a new trial date. (Sept. 15, 2005 Mem. Op. & Order, Docket #756, at 2.) Following the Court's approval and adoption of the Magistrate Judge's two report and recommendations on July 14, 2006, the Court directed the parties to identify which of the motions in limine remain to be decided.  The parties have since submitted such notices and this motion remains to be decided.  (Ams. to XLIA's Mots. in Limine, Docket #817, at 1.)

This case involves claims by Plaintiffs, Stryker Corporation and Howmedica Osteonics Corporation (collectively "Stryker"), against XLIA, arising from a dispute about an insurance contract.  The Court has bifurcated this case into two phases.  The first phase will determine if XLIA is liable for the settlement and defense costs that have been incurred by Stryker.  If XLIA is found liable during the first phase, then the second phase will determine the necessity and reasonableness of the costs incurred by Stryker.  (Sixth Case Management Order, Docket #485, at 2.)  This bifurcation applies to both the jury trial and discovery, thus discovery pertaining to the second phase of the trail has not taken place.  Based on this bifurcation, XLIA argues that the settlement and defense amounts are irrelevant to the first phase and also that discussion of the amounts is improper because discovery has not yet taken place with respect to the amounts.  XLIA also argues as part of this motion that Stryker should not be permitted to mention "that a determination as to the exhaustion of the self-insured retention will, if necessary, be determined in the second phase of [the] trial . . . ."  (XLIA's Mot. 2.)  XLIA argues that such information is irrelevant to the first phase of the trial.  Stryker argues that the evidence XLIA seeks to exclude is relevant and that exclusion of the evidence would cause prejudice.

Evidence must "make the existence of any fact that is of consequence to the determination of the action more probable or less probable" in order for the evidence to be admissible.  FED. R. EVID. 401, 402.  The first phase of the trial will not make any determinations about the amounts of the settlement and defense costs.  The amounts are not

of consequence to the resolution of the four questions that will be presented to the jury on the special verdict form for the first phase of the trial.[1] (Special Verdict Form, Oct. 14, 2005 Report & Recommendation, Docket #777, Attach. 2, *approved and adopted by* July 14, 2006 Order, Docket #814.)  Therefore, the amounts of the defense and settlement costs are not relevant to the first phase of the trial.

Stryker argues that XLIA's own exhibits relate to the settlement and defense costs for the underlying claims.  Stryker refers to XLIA's exhibit 233 as an example of XLIA referring to the settlement and defense costs.  XLIA's exhibit 233 is a stipulation from one of the underlying lawsuits.  Stryker's argument based on exhibit 233 is unpersuasive as it does not

---

[1]The special verdict form provides four questions:

1. Did the parties intend that the Insurance Policy would cover all claims and lawsuits involving products in a single **batch**, no matter when **bodily injury** took place?  Yes___  No___

2. Did the following individuals suffer some **bodily injury** from a defective Uni-Knee between January 1, 2000 and January 1, 2001?
[The form then lists the claimants in the underlying suits.]

3. Under Endorsement 15, who is it that must know or suspect the defect or deficiency in the Duracon Uni-Knees before January 1, 2000, in order for coverage to be excluded?
(Chose only one)  _____ Any employee  _____ Officer or risk manager

4. Based on your answer to question 3, did Plaintiffs know or suspect of the defect or deficiency in the Duracon Uni-Knees before January 1, 2000?  Yes___  No___

(Special Verdict Form.)

distinguish between the existence of the underlying claims and the settlement and defense costs for those underlying claims. XLIA's exhibit 233 does refer to settlement or defense costs, but no specific amounts are provided. Exhibit 233 primarily addresses questions of liability and what types of damages will be pursued. So exhibit 233 is consistent with XLIA's motion in limine because exhibit 233 does not involve any specific amounts.

The Court also agrees with XLIA's contention that introduction of evidence about the amount of settlement and defense costs would be improper because discovery has not yet taken place with respect to that information. In response, Stryker contends that much of the relevant information has been produced. However, much of the information is not all of the information. Thus, XLIA does not have all of the information relevant to any evidence that Stryker might attempt to introduce. Stryker also argues that there will not be any prejudice with respect to discovery not having been conducted because the question of damages is not before the jury during the first phase of the trial. This argument, however, underscores the irrelevance of the amount of the settlement and defense costs to the first phase of the trial. If statements that would otherwise be prejudicial are not prejudicial because the statements are unrelated to the questions the jury is deciding, then the statements do not relate to a "fact that is of consequence." FED. R. EVID. 401.

Stryker also argues that if the jury is not advised about the second phase of the trial, the jury will be "confused as to what happens if they rule in [Stryker's] favor and may be more reluctant to do so." (Stryker's Br., Docket #751, at 3.) Concerns about this type of

4

juror confusion do not warrant the admission of irrelevant evidence. Moreover, there is no need for the parties to present evidence or argument to the first phase jury about what will take place during the second phase of the trial, should there be one. Contrary to Stryker's contention, permitting the parties to present such evidence would likely increase juror confusion because the jury would not know why it was presented with evidence about the second phase with which it is not involved. To the extent that either party believes that the first phase jury should be aware of the second phase, that party should seek a jury instruction to that effect. *See Angelo v. Armstrong Word Industries, Inc.*, 11 F.3d 957, 965 n.6 (10th Cir. 1993) (noting that if a first phase jury is informed of the existence of a second phase, the first phase jury should also be informed that a *different* jury will hear the second phase).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant XL Insurance America's motion in limine to exclude evidence regarding settlement and defense amounts and reference to the second phase of the trial (Docket #712) is **GRANTED**.


Date:    December 20, 2006          /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    CHIEF UNITED STATES DISTRICT JUDGE