UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STRYKER CORPORATION, et al.,

        Plaintiffs,

v.

XL INSURANCE AMERICA, formerly
known as WINTERTHUR INTERNATIONAL
AMERICA INSURANCE COMPANY,

        Defendant.
                                                    /

File No. 4:01-CV-157

HON. ROBERT HOLMES BELL

## MEMORANDUM OPINION AND ORDER
## REGARDING EVIDENTIARY SUMMARIES

This matter is before the Court on Defendant XL Insurance America's ("XLIA") motion in limine to exclude evidence in the form of summaries. (XLIA's Mot., Docket #710.) This motion was filed on the eve of trial in September of 2005, however, the Court subsequently adjourned the case without a new trial date. (Sept. 15, 2005 Mem. Op. & Order, Docket #756, at 2.) Following the Court's approval and adoption of the Magistrate Judge's two report and recommendations on July 14, 2006, the Court directed the parties to identify which of the motions in limine remain to be decided. The parties have since submitted such notices and this motion, except as noted below, remains to be decided. (Ams. to XLIA's Mots. in Limine, Docket #817, at 1.)

This case involves claims by Plaintiffs, Stryker Corporation and Howmedica Osteonics Corporation (collectively "Stryker"), against XLIA, arising from a dispute about an insurance contract. XLIA's motion in limine seeks to exclude evidence in the form of summaries. XLIA's motion did not refer to any particular summaries, however, Stryker's response does identify three summaries. XLIA has not objected to Stryker's identification of particular summaries and has referenced one of the summaries identified by Stryker. Therefore, the Court will consider XLIA's motion in reference to the summaries identified by Stryker. XLIA has since withdrawn this motion as to Stryker's summary labeled as exhibit A, which lists the total number of Duracon Uni-Knees sold by Stryker, the year of sale and the dollar amount of the sales. (XLIA's Am. to Mot. in Limine 1.) The two summaries to which XLIA continues to object are exhibits B and C to Stryker's response to this motion in limine. Exhibit B listS the name of each person who made a claim against Stryker related to the Duracon Uni-Knees and the date when Stryker first received notice of each claim. Exhibit C lists the names of the persons who made claims against Stryker and for whom Stryker now seeks coverage in this litigation. For each person exhibit C also indicates whether it was a claim or a lawsuit, the amount of the settlement and the attorney fees.

Rule 1006 of the Federal Rules of Evidence provides that:

> [t]he contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation. The originals, or duplicates, shall be made available for examination or copying, or both, by other parties at reasonable time and place. The court may order that they be produced in court.

FED. R. EVID. 1006. The Sixth Circuit has interpreted this as,

> imposing five requirements for the admission of an evidentiary summary: (1) the underlying documents must be so voluminous that they cannot be conveniently examined in court, (2) the proponent of the summary must have made the documents available for examination or copying at a reasonable time and place, (3) the underlying documents must be admissible in evidence, (4) the summary must be accurate and nonprejudicial, and (5) the summary must be properly introduced through the testimony of a witness who supervised its preparation.

*United States v. Modena*, 302 F.3d 626, 633 (6th Cir. 2002) (citing *United States v. Bray*, 139 F.3d 1104, 1109-10 (6th Cir. 1998)). XLIA argues that Stryker has failed to provide a list of the documents underlying the summary, that Stryker has failed to make the documents available for examination or copying at a reasonable time and place, and that the underlying documents are not admissible in evidence.

As to XLIA's claim that Stryker has not provided a list of the documents underlying the summary, Stryker's responsive brief does not address this issue. To comply with the requirement that the documents be made available for examination, the proponent of a summary must "'provide a list or description of the documents supporting the exhibit . . . .'" *Modena*, 302 F.3d at 633 (quoting *Air Safety v. Roman Catholic Archbishop*, 94 F.3d 1, 8 (1st Cir. 1996)). The importance of a list or description is increased when the proponent of a summary, like Stryker has here, claims that the underlying documents were all produced during discovery. In this type of situation, the party against whom the summary is offered has no reference with which to identify the documents the proponent of the summary considers to be the underlying documents. If the proponent of the summary specifies a time

3

and place to review the underlying documents, that implicitly provides the party against whom the summary is offered a reference point for the underlying documents, i.e., everything made available at the specified time and place. The briefs suggest that XLIA may have a general understanding of which documents underlie the summaries; however, the history and complexity of this case necessitate strict adherence to the procedural requirements of the Federal Rules of Evidence. Therefore, Stryker has not provided XLIA with the required list or description of the documents underlying the summaries.

As to XLIA's claim that Stryker failed to make the documents underlying exhibit B available, Stryker claims that the underlying documents were produced in discovery. Documents that are in the possession of a party are available to that party for the purposes of Rule 1006. *Concorde Limousines v. Moloney Coachbuilders*, 835 F.2d 541, 546 n.16 (5th Cir. 1987); 31 CHARLES ALAN WRIGHT & VICTOR JAMES GOLD, FEDERAL PRACTICE & PROCEDURE § 8045 (2006). As the documents have already been produced as part of discovery, the documents are in the possession of XLIA, thereby complying with the availability requirement as to exhibit B. If, after the issuance of this decision, Stryker provides XLIA with a list of the underlying documents for exhibit B and one or more of the documents have not been produced, then XLIA can renew this component of its motion in limine as to exhibit B.

As to XLIA's claim that Stryker failed to make the documents underlying exhibit C available, Stryker claims that it has provided copies of every settlement agreement and many

of the invoices for legal fees. (Stryker's Br., Docket #754, at 5.)  Based on these admissions by Stryker, the availability requirement has been complied with in relation to the settlement agreements, but not the invoices for legal fees.  By acknowledging that many of the invoices for legal fees have been produced or otherwise made available, Stryker implicitly admits that some of documents supporting exhibit C have not been made available to XLIA.  Therefore, Stryker has not complied with the availability requirement for exhibit C.

XLIA's third argument against the admission of exhibits B and C as evidentiary summaries is that the underlying documents are inadmissible in evidence.  If the underlying documents are inadmissible, a summary based on those documents is inadmissible.  *United States v. Jamieson*, 427 F.3d 394, 411 (6th Cir. 2005); *Modena*, 302 F.3d at 633; *Bray*, 139 F.3d at 1109-10.  Therefore, Stryker must establish that the underlying documents are themselves admissible.  *Bray*, 139 F.3d at 1109.  Stryker contends that the records are excepted from the hearsay rule as business records under Rule 803(6).   However, Stryker has not offered the "testimony of the custodian or other qualified witness" or a "certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification . . . ." FED. R. EVID. 803(6).  The Court notes that Stryker could resolve the previously identified deficiencies, but Stryker could still reserve the question of admissibility of the underlying documents for trial.

As to both exhibits B and C, in order for the summaries to be admissible Stryker must provide XLIA with a list or description of the underlying documents.  As to exhibit C,

5

Stryker must also make all of the underlying documents available in a manner consistent with Rule 1006.  Finally, Stryker will need to establish that the underlying documents are themselves admissible.  Accordingly,

**IT IS HEREBY ORDERED** that Defendant XL Insurance America, Inc.'s motion in limine to exclude evidence in the form of summaries (Docket #710) as modified by XLIA's amendments to its motions in limine (Docket #817) is **GRANTED**, subject to the conditions set forth in this opinion.


Date:     December 21, 2006              /s/ Robert Holmes Bell
                                         ROBERT HOLMES BELL
                                         CHIEF UNITED STATES DISTRICT JUDGE