UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STRYKER CORPORATION, et al.,

       Plaintiffs,

v.

XL INSURANCE AMERICA INC., formerly
known as WINTERTHUR INTERNATIONAL
AMERICA INSURANCE COMPANY,

       Defendant.
_____/

File No.  4:01-CV-157

HON. ROBERT HOLMES BELL

## **OPINION**

This matter is before the Court on two motions filed by Plaintiffs Stryker Corporation and Howmedica Osteonics Corporation.  First, Plaintiffs move for judgment on the pleadings as to Defendant XL Insurance America having waived the right to dispute the reasonableness of the settlements and defense costs for the underlying cases.  (Dkt. No. 925.)  In the alternative, Plaintiffs move for summary judgment as to the reasonableness of the settlements for the underlying cases, though not as to the reasonableness of the defense costs.  Second, Plaintiffs move for summary judgment contending that because Defendant breached its duty to defend, Defendant may not deduct the self-insured retention from Plaintiffs' damages.  (Dkt. No. 927.)  The Court heard oral argument on these motions on October 23, 2007.  For the reasons that follow, the Court denies Plaintiffs' motion for judgment on the pleadings as to the reasonableness of the settlements and the defense costs

for the underlying cases, denies Plaintiffs' motion for summary judgment as to the reasonableness of the settlements for the underlying cases, and grants Plaintiffs' summary judgment motion as to the self-insured retention.

## I.

Plaintiffs filed this lawsuit against Defendant alleging that Defendant breached the terms of the Commercial Umbrella Policy (the "Policy") that provided Stryker insurance coverage from January 1, 2000, until January 1, 2001. The Court bifurcated this matter into two phases. The Court limited the first phase to the question of whether there is coverage under the Policy. On April 3, 2007, the first phase concluded when the Court issued an opinion setting forth the Court's findings of fact and conclusions of law, based on the bench trial held January 29 - February 2, 2007. Based on the facts the Court found, the Court made the following conclusions of law:

1. Stryker Corporation is entitled to batch coverage under the Commercial Umbrella Policy for the batch of defective Duracon Uni-Knees defined by the July 28, 2000, advisory memorandum.

2. XL Insurance America Inc. had and continues to have a duty to defend and duty to indemnify Stryker Corporation for the batch of defective Duracon Uni-Knees defined by the July 28, 2000, advisory memorandum.

(Dkt. No. 916, 04/03/2007 Op. 33.) The second phase will determine the amount of damages. The motions presently before the Court are part of the second phase.

II.

**A.    Judgment on the Pleadings Standard**

A motion for judgment on the pleadings, made pursuant to Federal Rule of Civil Procedure 12(c), "assumes that the factual allegations in the complaint are true and asks whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief."  *Ross, Brovins & Oehmke, P.C. v. Lexis Nexis Group*, 463 F.3d 478, 487 (6th Cir. 2006) (citing *Ziegler v. IBP Hog Mkt.*, 249 F.3d 509, 511-12 (6th Cir. 2001)).  The standard applied under Rule 12(c) is the same as the standard under Rule 12(b)(6).  *Id.*  "For purposes of the 12(c) motion, all well-pleaded material allegations of the pleadings must be taken as true and the motion is granted only when no material issue of fact exists and the moving party is entitled to judgment as a matter of law."  *Id.* (citing *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991)).

Plaintiffs offer two alternative theories in support of their motion for judgment on the pleadings.  First, Plaintiffs contend that Defendant's prior counsel made two judicial admissions as to the reasonableness of the underlying settlements and defense costs.  Second, Plaintiffs contend that reasonableness is an affirmative defense and Plaintiffs are entitled to judgment on the pleadings because Defendant did not plead reasonableness as an affirmative defense.

**B.    Defendant's Alleged Judicial Admission of Reasonableness**

Plaintiffs direct the Court to two statements made by Defendant's prior counsel about the reasonableness of the settlements and defense costs.  Plaintiffs appear to be contending

3

that the two statements are judicial admissions of the reasonableness of the settlements and defense costs. "In order to qualify as judicial admissions, an attorney's statements must be deliberate, clear and unambiguous." *MacDonald v. Gen. Motors Corp.*, 110 F.3d 337, 340 (6th Cir. 1997) (citing *Oscanyan v. Arms Co.,* 103 U.S. 261, 263 (1880)).

The first statement was made at a hearing on January 28, 2004. The statement Plaintiffs direct the Court to from the January 28 hearing was not explicitly addressing the reasonableness of the settlements and defense costs. Defendant had retained an expert to review the reasonableness of the settlements and defense costs and an issue had arisen about Defendant's expert having an opportunity to review some of the underlying case files. (Dkt. No. 453, 01/28/2004 Hr'g Tr. 123:22-124:15.) Defendant's prior counsel then identified some of the underlying cases that the expert was particularly interested in reviewing. (*Id.* at 125:22-126:1.) In the course of the discussion at the January 28 hearing, Defendant's prior counsel never stated that any particular settlements or defense costs were reasonable. Plaintiffs' interpretation of the statement assumes that Defendant's prior counsel was operating from the premise that the settlements and defense costs for which the expert did not seek to review the full case file were reasonable. Defendant's prior counsel never stated that or any other premise for why the expert was particularly interested in certain underlying cases. Thus, Defendant's prior counsel did not make a statement at the January 28 hearing indicating that the settlements or defense costs for particular underlying cases are reasonable.

The second statement was made at a telephone scheduling conference on January 6, 2005. In the course of the conference Defendant's prior counsel did make a statement that,

4

in his view, he thought most of the settlements and defense costs appeared reasonable. (Dkt. No. 626, 01/06/2005 Conference 27:23-31:3.)  Defendant's prior counsel was responding to a question from the Magistrate Judge, who had identified some potential difficulties in trying this case to a jury and then asked:

Anybody have any non-binding thoughts on that?

(*Id.* at 27:7.)  In consideration of the Magistrate Judge's explicit limiting statement, the response of Defendant's prior counsel to the Magistrate Judge's question lacks the requisite deliberateness to constitute a judicial admission. *MacDonald*, 110 F.3d at 340.

**C.     Reasonableness as an Affirmative Defense**

Plaintiffs contend that Defendant had to plead the reasonableness of the settlements and defense costs for the underlying cases as an affirmative defense, and as a result of Defendant having failed to do so, Plaintiffs are entitled to judgment on the pleadings. Defendant does not dispute that it did not raise reasonableness as an affirmative defense in its answer to the amended complaint.  (Dkt. No. 56, XLIA's Ans. to Am. Compl. 8-10.) Defendant does, however, contend that the reasonableness of the settlements and defense costs is not an affirmative defense.

"As a general rule, failure to plead an affirmative defense results in a waiver of that defense." *Old Line Life Ins. Co. of Am. v. Garcia*, 418 F.3d 546, 550 (6th Cir. 2005) (citing *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994)).  In diversity cases, state law determines whether a particular issue operates as an affirmative defense.  *Roskam Baking Co. v. Lanham Mach. Co.*, 288 F.3d 895, 901 (6th Cir. 2002).  "An affirmative defense is

a defense that does not controvert the plaintiff's establishing a prima facie case, but that otherwise denies relief to the plaintiff." *Stanke v. State Farm Mut. Auto. Ins. Co.*, 200 Mich. App. 307, 312, 503 N.W.2d 758 (1993) (citing *Campbell v. St. John Hosp.*, 434 Mich. 608, 616, 455 N.W.2d 695 (1990)).

With respect to the reasonableness of settlements and defense costs the Michigan Supreme Court has described the insured's case when the insurer breaches the duty to defend as follows:

> "Where the insurer has agreed to settle or defend an action brought to recover of the insured for an accident covered by the policy, and has wrongfully refused to so settle or defend the action, and the insured defends the same and in good faith makes a settlement thereof, he may recover the amount paid on such settlement, unless it is shown that there was in fact no liability, or that the amount paid was excessive. The settlement is presumptive evidence that there was a liability, and as to the amount thereof."

*Elliott v. Cas. Ass'n of Am.*, 254 Mich. 282, 288, 236 N.W. 782 (1931) (quoting *Butler Bros. v. Am. Fidelity Co.*, 139 N.W. 355 (Minn. 1913)). *Accord Alyas v. Gillard*, 180 Mich. App. 154, 160, 446 N.W.2d 614 (1989) (per curiam) ("When an insurer breaches its own policy of insurance by refusing to fulfil its duty to defend the insured, the insurer is bound by any reasonable settlement entered into in good faith between the insured and the third party." (citing *Detroit Edison Co. v. Mich. Mut. Ins. Co.*, 102 Mich. App. 136, 144, 301 N.W.2d 832 (1980))); *Cooley v. Mid-Century Ins. Co.*, 52 Mich. App. 612, 615-16, 218 N.W.2d 103 (1974) ("An insurer who wrongfully refuses to defend an action against the insured, on the ground that the action was not within the coverage of the policy, is liable for reasonable attorney fees incurred by the insured in the defense of the action brought against them."

6

(citing *City Poultry & Egg Co. v. Hawkeye Cas. Co.*, 297 Mich. 509, 298 N.W. 114 (1941))).  *See also* 16 Lee R. Russ & Thomas F. Segalla, *Couch on Insurance* § 232:42 (3d ed. 2007) (listing as an element of a plaintiff's claim for coverage "[t]he amount of the covered loss is the amount claimed.").  Thus, under Michigan law, the reasonableness of the underlying settlements and defense costs is an element of Plaintiffs' prima facie case.

Plaintiffs contend that the presumption in favor of the underlying settlements and defense costs being reasonable converts reasonableness into an affirmative defense.  In support of this Plaintiffs primarily rely on the following language from *Fireman's Fund Insurance Cos. v. Ex-Cell-O Corp.*, 790 F. Supp. 1339 (E.D. Mich. 1992):

> If, after refusing to providing [*sic*] a defense, an insurance carrier wishes to second guess the judgments of the defense counsel that was retained by the insured, it is the insurer's burden to demonstrate that the service provided was outside the parameters of this wide range of reasonable professional assistance.

*Id.* at 1346.  Plaintiffs are correct that as a consequence of Defendant's decision not to defend Plaintiffs in the underlying lawsuits the settlements and defense costs for the underlying lawsuits are presumed reasonable.[1]  Plaintiffs are also correct that as a

---

[1] Defendant also makes some contentions that the first phase of this case did not determine whether there was a duty to defend.  The Court has previously stated that "in the unique context of this case, the duty to defend is coextensive with the coverage determination in that it rises or falls upon the determination of whether coverage applies in this case." (Dkt. No. 813, 07/14/2006 Op. 6.)  Moreover, as part of the conclusions of law for the phase one bench trial the Court concluded that: "XL Insurance America Inc. had and continues to have a duty to defend and duty to indemnify Stryker Corporation for the batch of defective Duracon Uni-Knees defined by the July 28, 2000, advisory memorandum." (04/03/2007 Op. 33.)  Thus, the Court need not further consider Defendant's protestations that it did not have a duty to defend.

consequence of the presumption Defendant has the burden of demonstrating that the underlying settlements and defense costs are unreasonable. *See id.* Contrary to Plaintiffs' contention, however, the burden shifting effect of the presumption does not convert reasonableness into an affirmative defense. Moreover, *Fireman's Fund* only uses burden shifting language and never suggests that reasonableness is an affirmative defense. In *Elliott* the Michigan Supreme Court referred to a settlement in which the insurer did not participate as "presumptive evidence" of the amount of the insurer's liability. As used in *Elliott*, "presumptive evidence" meant "[t]he evidence afforded by circumstances, from which, if unexplained, the jury may or may not infer or presume other circumstances or facts." John Bouvier, *A Law Dictionary* 369 (14th ed. 1876).[2] This definition makes clear that reasonableness remains a component of the insured's prima facie case, but when an insurer breaches the duty to defend, the settlements and defense costs incurred by the insured are presumed reasonable and the burden shifts to the insurer to demonstrate the unreasonableness of the settlements and defense costs. If an insurer that had breached the duty to defend offered no evidence of unreasonableness, then the insured would prevail on the reasonableness component of the insured's prima facie case. Thus, under *Elliott* the reasonableness of the underlying settlements and defense costs is not an affirmative defense. *See Stanke*, 200 Mich. App. at 312.

---

[2]This definition is consistent with the modern usage of "presumptive evidence" to mean "[e]vidence deemed sufficient to establish another fact unless discredited by other evidence." *Black's Law Dictionary* 598 (8th ed. 2004).

Plaintiffs make one further argument that the reasonableness of the settlements and defense costs is an affirmative defense. Plaintiffs contend that failure to mitigate damages is an affirmative defense and that the reasonableness of the settlements and defense costs is a subset of failure to mitigate damages. Under Michigan law the failure to mitigate damages is an affirmative defense. *Lawrence v. Will Darrah & Assocs.*, 445 Mich. 1, 15, 516 N.W.2d 43 (1994); *Fothergill v. McKay Press*, 374 Mich. 138, 140, 132 N.W.2d 144 (1965). Plaintiffs have not cited any case that suggests that the reasonableness of the settlements and defense costs is a subset of failure to mitigate damages. In the absence any such authority, the Court declines to conclude that the Michigan Supreme Court would hold that the reasonableness of the settlements and defense costs is a subset of failure to mitigate damages, as such a holding would contradict the Michigan Supreme Court's holding in *Elliott*.

As under Michigan law the reasonableness of the underlying settlements and defense costs is not an affirmative defense, Defendant was not required to plead reasonableness as an affirmative defense in its answer to the amended complaint. Therefore, Plaintiffs are not entitled to judgment on the pleadings.

## III.

Plaintiffs seek summary judgment on two issues. First, Plaintiffs move for summary judgment as to the reasonableness of the settlements for the underlying cases. Second, Plaintiffs move for summary judgment contending that because Defendant breached its duty to defend, Defendant may not deduct the self-insured retention from Plaintiffs' damages.

A.      **Summary Judgment Standard**

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. In evaluating a motion for summary judgment the court must look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). If the plaintiffs carry their burden of showing there is an absence of evidence to support a claim, then the defendant must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986).

In considering a motion for summary judgment, the court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party. *Minges Creek, L.L.C. v. Royal Ins. Co. of Am.*, 442 F.3d 953, 955-56 (6th Cir. 2006) (citing *Matsushita*, 475 U.S. at 587). "'[W]here the moving party has the burden – the plaintiff on a claim for relief or defendant on an affirmative defense – his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party.'" *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. Schwarzer, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). "[I]f the moving party also bears the burden of persuasion at trial, the moving party's initial summary judgment burden is 'higher in that it must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so

powerful that no reasonable jury would be free to disbelieve it.'" *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002) (quoting 11 James Wm. Moore et al., *Moore's Federal Practice* § 56.13[1], at 56-138 (3d ed. 2000)).  Thus, "[s]ummary judgment in favor of the party with the burden of persuasion . . . is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

**B.     Reasonableness of the Underlying Settlements**

Under Michigan law, an insurer who breaches the duty to defend is bound "by any reasonable settlement entered into in good faith between the insured and the third party." *Alyas*, 180 Mich. App. at 160 (citing *Detroit Edison Co.*, 102 Mich. App. at 144).  See also *Century Indem. Co. v. Aero-Motive Co.*, 336 F. Supp. 2d 739, 745 (W.D. Mich. 2004) (Quist, J.).[3]

> Reasonableness is determined by looking at the amount paid in light of the risk of exposure. *Ford v. Clark Equipment Co*, 87 Mich. App. 270, 278; 274 NW2d 33 (1978).  Risk of exposure is the probable amount of a judgment if the plaintiff were to prevail at trial balanced against the possibility that the defendant would have prevailed. *Id.*  The possibility of a defense is but one factor to consider in the determination. *Id.*

*Century Indem.*, 336 F. Supp. 2d at 747 (quoting *Pioneer State Mut. Ins. Co. v. Rowley,* Nos. 179331, 181578, 1997 WL 33344874, at *4, 1997 Mich. App. LEXIS 3066, at *13 (Mich. Ct. App. Aug. 1, 1997) (per curiam) (unpublished)).  Plaintiffs contend that based on this

---

[3]Plaintiff also directs the Court to *Hospital Underwriting Group v. Summit Health*, 63 F.3d 486 (6th Cir. 1995); however, in that case the Sixth Circuit was applying Arizona and Tennessee law.  63 F.3d at 492, 495.

standard the settlements and defense costs are reasonable. Defendant contends that summary judgment on the reasonableness of the underlying settlements is premature as discovery has not yet been completed.

The Magistrate Judge last held a status conference regarding discovery for the second phase of this case on June 25, 2007. That status conference took place shortly before the parties completed briefing on the motions presently before the Court. Although some discovery has taken place with regard to the underlying settlements, the bulk of discovery has been stayed pending resolution of these motions. (Dkt. No. 941, 06/27/2007 Order ¶ B; Dkt. No. 943, 06/25/2007 Hr'g Tr. 3:12-16, 13:23-14:20.) As discovery has not been completed on the underlying settlements the Court concludes that summary judgment on the reasonableness of the underlying settlements would be premature.[4]

## C.   Applicability of the Self-Insured Retention

The Policy provides that Defendant is only liable for the insured's damages in excess of the self-insured retention. (Phase I Trial, Ex. 1, Policy, Self-Insured Retention Endorsement ¶ 1.E.)   The amount of the self-insured retention in the Policy is $2,000,000.00.  (Policy, Decl. ¶ 4.)  Plaintiffs contend that under Michigan law, as interpreted by the Sixth Circuit in *Capitol Reproduction, Inc. v. Hartford Insurance Co.*, 800 F.2d 617, 624 (6th Cir. 1986), an insurer who breaches the duty to defend loses the benefit

---

[4]The conclusion that summary judgment on the reasonableness of the settlements is premature does not preclude either party from moving for summary judgment on the reasonableness of the settlements and defense costs after discovery is completed.

of the self-insured retention and must pay the full amount of the settlement and defense costs. Defendant contends that a series of recent decisions from the Michigan Supreme Court indicate that the Michigan Supreme Court would not adopt the holding of *Capitol Reproduction*. Defendant never disputes that if *Capitol Reproduction* is applied to this case, then Defendant would lose the benefit of the self-insured retention.

"In diversity cases, the doctrine announced in *Erie Railroad v. Tomkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), dictates that federal courts must apply the law of the state's highest court." *Bailey v. V & O Press Co.*, 770 F.2d 601, 604 (6th Cir. 1985). "If, however, the state's highest court has not decided the applicable law, then the federal court must ascertain the state law from 'all relevant data.'" *Garden City Osteopathic Hosp. v. HBE Corp.*, 55 F.3d 1126, 1130 (6th Cir. 1995) (quoting *Bailey*, 770 F.2d at 604). *Accord Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 517 (6th Cir. 2001). "All relevant data" includes Michigan Court of Appeals decisions, the dicta of the Michigan Supreme Court, restatements of law, law review commentaries, and the majority rule among other states. *Garden City Osteopathic Hosp.*, 55 F.3d at 1130. A decision by the Sixth Circuit deciding a question of Michigan law is binding authority on district courts in the Sixth Circuit unless the Michigan courts have subsequently indicated that they would "'they would have decided [the prior decision] differently.'" *Blaine Constr. Co. v. Ins. Co. of N. Am.*, 171 F.3d 343, 350-51 (6th Cir. 1999). *See also Lexington Ins. Co. v. Rugg & Knopp, Inc.*, 165 F.3d 1087, 1093 (7th Cir. 1999) (stating that a federal appellate court's interpretation of state law "is controlling upon federal district courts until gainsaid by a higher state court . . . ."); 17A

13

James Wm. Moore et al., *Moore's Federal Practice* § 124.22[4] (3d ed. 2007) (stating that Sixth Circuit is among the circuits that "considers a prior decision from the same circuit to be binding in the absence of an intervening and supervening state court decision." (citing *Hampton v. United States*, 191 F.3d 695, 701 (6th Cir. 1999))).

  1. *Capitol Reproduction*

In *Capitol Reproduction* the Sixth Circuit held that under Michigan law "when an insurer fails to fulfill its duty to defend an insured it becomes liable for the full extent of the judgment against the insured." 800 F.2d at 624. The district court in *Capitol Reproduction* had found that there was coverage under the policy and that the insurer was not entitled to the benefit of the self-insured retention because the insurer had not honored its obligation to defend the insured. *Id.* The Sixth Circuit held that the district court was correct in not reducing the amount of the insured's indemnification by the $25,000.00 retained limit. *Id.* In reaching this conclusion, the court in *Capitol Reproduction* relied on the following statement from the Michigan Supreme Court:

> "If the insurer had an obligation to defend and failed to fulfill that obligation, then, like any other party who fails to perform its contractual obligation, it becomes liable for all foreseeable damages flowing from the breach. . . . An insurer's duty to defend is independent of its duty to pay, and damages for breach of that duty are not limited to the face amount of the policy."

*Capitol Reproduction*, 800 F.2d at 624 (quoting *Stockdale v. Jamison*, 416 Mich. 217, 224-25, 330 N.W.2d 389 (1982)) (omission in *Capitol Reproduction*).

In 1997, the Sixth Circuit applied the holding of *Capitol Reproduction* in *Total Petroleum, Inc. v. Hartford Accident and Indemnity Co.*, 1997 WL 704932, 1997 U.S. App.

LEXIS 31861 (6th Cir. Nov. 7, 1997) (per curiam) (unpublished). In *Total Petroleum* the district court held that there was coverage under the policy and that the deductible did not apply because the insurer had breached the duty to defend. 1997 WL 704932, at *4, 1997 U.S. App. LEXIS 31861, at *13-14. In *Total Petroleum* the Sixth Circuit affirmed the district court based on *Capitol Reproduction. Id.* at *3-5; 1997 U.S. App. LEXIS 31861, at *9-14.

    2.    Post-*Capitol Reproduction* Michigan law

Defendant directs the Court to a series of recent Michigan Supreme Court decisions in which the court has emphasized that under Michigan law an insurance policy is a contract that is subject to the same general rules as all other contracts, not some special set of rules. *See, e.g.*, *Citizens Ins. Co. v. Pro-Seal Serv. Group, Inc.*, 477 Mich. 75, 83-84, 730 N.W.2d 682 (2007) (per curiam) (holding that the Michigan Court of Appeals erred when it declined to apply the definition of "advertisement" that was set-forth in the insurance policy); *Rory v. Continental Ins. Co.*, 473 Mich. 457, 461, 703 N.W.2d 23 (2005) ("We hold, first, that insurance policies *are* subject to the same contract construction principles that apply to any other species of contract. Second, unless a contract provision violates law or one of the traditional defenses to the enforceability of a contract applies, a court must construe and apply unambiguous contract provisions as written."); *Wilkie v. Auto Owners Ins. Co.*, 469 Mich. 41, 59-63, 664 N.W.2d 776 (2003) (overruling cases that had applied the rule of reasonable expectations in interpreting insurance contracts); *Klapp v. United Ins. Group Agency, Inc.*, 468 Mich. 459, 471-80, 663 N.W.2d 447 (2003) (limiting the application of

*contra proferentem*); *Farm Bureau Mut. Ins. Co. of Mich. v. Nikkel*, 460 Mich. 558, 566, 596 N.W.2d 915 (1999) (holding that the nonowned automobile clause of the policy at issue was unambiguous and that "[t]he principles of construction governing other contracts apply to insurance policies."). *See also* (Dkt. No. 777, 10/14/2005 R&R 3-9, *approved and adopted by* Dkt. Nos. 813, 814, 07/14/2006 Op. & Order.)

Defendant places emphasis on the Michigan Supreme Court's decision in *Wilkie*. In *Wilkie* the Michigan Supreme Court rejected the approach taken by the Michigan Court of Appeals, which had interpreted the contract based on the parties' "reasonable expectations." *Wilkie*, 469 Mich. at 59-60. The Michigan Supreme Court went on to explain that courts must "enforce the agreement as written absent some highly unusual circumstance, such as a contract in violation of law or public policy." *Id.* Defendant contends that *Capitol Reproduction* is contrary to the holding of *Wilkie* because the Policy's self-insured retention does not contain an exception that eliminates the self-insured retention if Defendant breaches the duty to defend.

Defendant has not cited any decision of the Michigan Court of Appeals or the Michigan Supreme Court that questions *Capitol Reproduction* or *Total Petroleum*, and the Court has found none. Additionally, Defendant has not cited any decision of the Michigan Court of Appeals or the Michigan Supreme Court that questions *Stockdale*, and the Court has found none.[5] As to Defendant's argument based on *Wilkie*, the language in *Wilkie* is

---

[5]Although *Stockdale* was overruled in part by *Frankenmuth Mutual Insurance v. Keeley*, 433 Mich. 525, 447 N.W.2d 691 (1989), *vacated on rehearing*, 436 Mich. 372, 461 N.W.2d 666 (1990), as *Total Petroleum* explained *Frankenmuth Mutual Insurance* did not displace the portion of *Stockdale*'s holding upon which *Capitol Reproduction* relied. *Total Petroleum*, 1997 WL 704932, at *4, 1997 U.S. App. LEXIS 31861, at *12-13.

insufficient because it does not reference *Capitol Reproduction, Total Petroleum*, or *Stockdale*, and it does not contain an example that is clearly analogous to the facts of any of those three cases. Admittedly, the Michigan Supreme Court's more recent insurance contract cases do add force to the acknowledgment in *Total Petroleum* that *Capitol Reproduction* may justifiably be criticized,[6] but just as in *Total Petroleum* that criticism cannot negate the fact that *Capitol Reproduction* is the law of the Sixth Circuit. *See Grand Trunk W. R. Co. v. H. W. Nelson Co.*, 118 F.2d 252, 254 (6th Cir. 1941) ("The rule prevails that where a question has been decided expressly in an earlier case which has not been modified, the fact that in later cases involving similar, but different, questions, the reasoning seems to indicate a changed view is not justification for a departure from the rule earlier laid down."). Unless the Michigan Court of Appeals or the Michigan Supreme Court indicate that they would have decided *Capitol Reproduction* differently, the Court remains bound to follow *Capitol Reproduction*. *Blaine Constr. Co.*, 171 F.3d at 350-51. As *Capitol*

---

[6]The panel in *Total Petroleum* stated that: "Although we share Hartford's and amicus's criticism of *Capitol*, we are powerless at this juncture to change it." *Total Petroleum*, 1997 WL 704932, at *4, 1997 U.S. App. LEXIS 31861, at *13. In his concurrence in *Total Petroleum*, Judge Suhrheinrich went further and stated that:
> *Capitol* stretched the *Stockdale v. Jamison*, 416 Mich. 217, 330 N.W.2d 389 (Mich. 1982) decision to clearly distinguishable facts, and on top of that, misread Michigan law regarding expectation interest. The practical effect of this flawed opinion is that it has essentially converted a contractual duty to defend into an absolute duty to defend. That is, after *Capitol*, any insurance company (as it was in this case) would be foolish to refuse to defend and run the risk of being liable for the entire judgment, attorney fees and all, regardless of a prior contractual arrangement between itself and the insured.

1997 WL 704932, at *5, 1997 U.S. App. LEXIS 31861, at *14-15 (Suhrheinrich, J., concurring).

*Reproduction* is the law of the Sixth Circuit, Plaintiffs are entitled to summary judgment as to the inapplicability of the self-insured retention.

### IV.

The Court denies Plaintiffs' motion for judgment on the pleadings as to the reasonableness of the settlements and defense costs for the underlying cases because Defendant did not make any judicial admissions as to reasonableness and reasonableness is not an affirmative defense. The Court denies Plaintiffs' motion for summary judgment as to the reasonableness of the settlements for the underlying cases because summary judgment on that issue is premature as discovery has not been completed on the underlying settlements. Lastly, the Court grants Plaintiffs' summary judgment motion as to the self-insured retention as this Court is bound by *Capitol Reproduction*. An order will be entered consistent with this opinion.


Date:    January 4, 2008                    /s/ Robert Holmes Bell
                                            ROBERT HOLMES BELL
                                            CHIEF UNITED STATES DISTRICT JUDGE