UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STRYKER CORPORATION and
HOWMEDICA OSTEONICS CORP.,

    Plaintiffs,

v.

XL INSURANCE AMERICA INC.,
formerly known as WINTERTHUR
INTERNATIONAL AMERICA
INSURANCE COMPANY, et al.,

    Defendants.

File No. 4:01-CV-157

HON. ROBERT HOLMES BELL

## **O P I N I O N**

This matter is before the Court on a motion filed by Plaintiffs Stryker Corporation ("Stryker") and Howmedica Osteonics Corporation, a subsidiary of Stryker, to amend or correct the amended final judgment pursuant to Rules 59(e) and 60(a) of the Federal Rules of Civil Procedure. (Dkt. No. 1125.)

**I.**

This diversity action arises out of an insurance coverage dispute. On October 7, 2009, the Court entered a final judgment awarding damages to Plaintiffs from Defendant XL Insurance America Inc. ("XL"). (Dkt. No. 1094.) The judgment indicated that Plaintiffs are

1

entitled to prejudgment interest pursuant to Mich. Comp. Laws § 500.2006(4), running until the "date of this judgment." (*Id.*)  Defendant XL filed a notice of appeal on October 15, 2009.  Plaintiffs subsequently filed a motion to amend the judgment to include a calculation of prejudgment interest through October 7, 2009, under Mich. Comp. Laws § 500.2006(4), and to include additional prejudgment interest under Mich. Comp. Laws § 600.6013(8).  Defendant XL also filed a motion for relief from judgment, asserting that Plaintiff is not entitled to prejudgment interest under § 500.2006.  The Court of Appeals for the Sixth Circuit notified the parties that it was holding the appeal in abeyance pending resolution of these motions because Plaintiffs' post-judgment motion suspended the time for appeal under Fed. R. App. P. 4(a)(4).

On June 24, 2010, the Court granted Plaintiffs' motion in part, and Defendant's motion in part.  (Dkt. No. 1123.)  The Court allowed additional prejudgment interest under § 600.6013(8), but determined that Plaintiff's proposed calculation of interest under § 500.2006(4) was not acceptable in light of the law raised by Defendant in its motion.  (Dkt. No. 1122.)  Since Plaintiff's calculations were rejected, the Court entered an amended final judgment that once again did not include a calculation of prejudgment interest.  (Dkt. No. 1124, Am. Final J.)  The amended final judgment states that prejudgment interest would accrue "until October 7, 2009, the date of the Court's original judgment." (*Id.* at 2.)

On July 22, 2010, Plaintiffs filed their motion to amend the judgment to include a calculation of interest pursuant to Rule 60(a) of the Federal Rules of Civil Procedure.  (Dkt.

No. 1125.) Plaintiffs include in their motion a revised calculation of prejudgment interest accumulated through October 7, 2009, the date of the original judgment. However, Plaintiffs also move under Fed. R. Civ. P. 59(e) to extend prejudgment interest beyond October 7, 2009 to the date of this final amended judgment. (*Id.*) The Sixth Circuit continues to hold the appeal in abeyance because Plaintiffs' motion suspends the effectiveness of Defendant's notice of appeal. (Dkt. No. 1127.) *See* Fed. R. App. P. 4(a)(4). Jurisdiction remains with the district court until the motion is resolved. *See id.*

## II.

Fed. R. Civ. P. 60(a) allows a party to correct a "clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Generally, a motion to add a specific calculation of interest pursuant to Rule 60(a) does not "seek to alter or amend the judgment, but simply ask[s] the court to insert the omitted particulars of the prejudgment interest award." *Pogor v. Makita U.S.A., Inc.*, 135 F.3d 384, 388 (6th Cir. 1998).

Plaintiffs have presented a new set of prejudgment interest calculations in accord with this Court's June 24, 2010, amended judgment, and Defendant does not object to these calculations as such. (Dkt. No. 1130) Defendant concedes that Plaintiff's calculations of prejudgment interest through October 7, 2009, the date of the original judgment, are consistent with this Court's prior rulings. (Dkt. No. 1130) Thus, there is no dispute concerning Plaintiff's proposed calculation of interest through the date of the original final judgment.

3

At issue is Plaintiffs' separate motion to extend the calculation of prejudgment interest beyond the original October 7, 2009 judgment to the date of the final amended judgment. Plaintiff brings this motion under Fed. R. Civ. P. 59(e), which permits motions to "alter or amend" a judgment. Plaintiffs contend that prejudgment interest under § 500.2006 should run until the date of the final amended judgment to be entered by the Court. Defendant argues that prejudgment interest ceases and post-judgment interest begins from the date of the original October 7, 2009, judgment.

Defendant argues that Plaintiff's 59(e) motion to extend prejudgment interest is untimely because it attempts to modify both the June 24, 2010, amended judgment *and* the Court's original October 7, 2009, judgment. The Court agrees. A timely Rule 59(e) motion must be filed "'not later than 10 days after entry of the judgment' it seeks to alter or amend." *Winston Network, Inc. v. Ind. Harbor Belt R.R. Co.,* 944 F.2d 1351, 1362 (7th Cir. 1991) (quoting Fed. R. Civ. P. 59(e)). When a Rule 59(e) motion is filed in the wake of an amended judgment, "the motion must challenge the altered and not the original judgment." *McNabola v. Chi. Transit Auth.*, 10 F.3d 501, 521 (7th Cir. 1993). Although parties aggrieved by the alteration of an original judgment in an amended judgment may respond with a successive 59(e) motion, *Charles v. Daley,* 799 F.2d 343, 348 (7th Cir. 1986), the motion "must bear some relationship to the district court's *alteration* of the first judgment . . . ." *McNabola*, 10 F.3d at 521 (emphasis added). Otherwise, parties could "continually file new motions," making a "joke" of the 10 day time limitation and "preventing the judgment from becoming final." *Charles*, 799 F.2d at 347.

With respect to the terminal date of prejudgment interest, the June 24, 2010, amended judgment did not in any way alter the judgment. The October 7, 2009, original judgment granted prejudgment interest accruing to the date of "this judgment." (Dkt. No. 1094.) The June 24, 2010, amended judgment reinforced that cut off date, stating, "Plaintiffs are entitled to prejudgment interest . . . running until October 7, 2009, the date of the Court's original judgment." (Dkt. No. 1124.) Plaintiff's Rule 59(e) motion does not address an alteration of the original judgment; it seeks to change a term of the judgment that was fixed nearly a year ago on October 7, 2009. Because Plaintiffs' 59(e) motion is directed at the original October 7, 2009 judgment and not at any alteration effectuated by the June 24, 2010, amended judgment, the motion is untimely.[1]

Even if Plaintiffs' Rule 59(e) motion were timely, it would still fail on the merits. Plaintiffs rely entirely on *Scotts Co. v. Central Garden & Pet Co.*, 403 F.3d 781, 792 (6th Cir. 2005), to support their motion. In *Scotts*, the Sixth Circuit considered a case in which the district court entered judgment on a jury verdict on May 16, 2002. *Id.* at 793. The judgment awarded $22.5 million to the plaintiff on its claims, and $12.075 million to the defendant on its counterclaims. *Id.* at 783. The district court later entered an amended

---

[1] Plaintiffs might conceivably argue that they could not have anticipated that the Court's June 24, 2010, amended judgment would refer back to the October 7, 2009, judgment date, and that they therefore chose not to raise this issue in hopes that the Court might revise its prior ruling and extend prejudgment interest on its own initiative. However, this argument would be fatally undermined by the fact that, in their initial Rule 59(e) motion to amend the original judgment, Plaintiffs themselves referred to the October 7, 2009, cut-off, and asked for prejudgment interest *up to that date*. (Dkt. No. 1099, 1-2; *Id.* Ex. A.)

5

judgment on September 30, 2002, which changed some language from the jury's verdict. The parties then moved for prejudgment interest on damages, and the plaintiff moved for a reduction in the defendant's damages. On September 22, 2003, the court entered a final amended judgment that reduced the defendant's award and granted prejudgment interest to the Plaintiff running through May 16, 2002, the date of its initial judgment. *Id.* at 787.

The Sixth Circuit reversed the district court on equitable grounds, holding that the date of the final amended judgment was the appropriate terminal date for accrual of prejudgment interest in that case. The court reasoned that because the rate of prejudgment interest was significantly higher than the rate of post-judgment interest, stopping prejudgment interest on the date of the earlier judgment granted an "unjustified benefit" to the defendant, the losing party in the case. *Id.* at 793.

As in *Scotts*, the issue here is the correct terminal date for prejudgment interest. However, *Scotts* is distinguishable from the present case. The district court in the *Scotts* litigation did not even award prejudgment interest, let alone specify a terminal date for interest accrual, until it issued its final amended judgment on September 22, 2003. *Id.* at 783, 786-88. The original May 16, 2002, judgment made no mention whatsoever of prejudgment interest. It was also substantially modified by later amendment, including a $750,000 reduction in the defendant's counterclaim award, revised language concerning damages, and the awarding of prejudgment interest to the Plaintiff. *Id.* at 783. In shifting the terminal date for prejudgment interest to September 22, 2003, the Sixth Circuit merely aligned the accrual of prejudgment interest with the date that prejudgment interest was first awarded.

In the present case, October 7, 2009, has always been the clearly stated terminal date for prejudgment interest. The original judgment granted prejudgment interest and made the terminal date explicit. (Dkt. No. 1094.) Furthermore, no substantive changes to the judgment have been made; the matter remains before this Court merely to calculate the dollar amount of prejudgment interest already granted in the original judgment. In this, the present case closely resembles *Venture Industries Corp. v. Autoliv ASP, Inc.*, No. 99-75354, 2007 WL 3202821 (E.D. Mich. Oct. 30, 2007); *aff'd.*, 283 F. App'x. 808, (Fed. Cir. 2008), decided by Judge Avern Cohn, who was a member of the *Scotts* panel. Judge Cohn found that, where litigation history and court language "clearly implies that the dividing line for pre and post-judgment interest has always been contemplated to be [the date of the original judgment]," that date should stand. *Id.* at *6.

The purpose of the Sixth Circuit's holding in *Scotts* was to avoid an inequitable result. 403 F.3d at 793. Where equity does not support using the date of a final amended judgment to calculate prejudgment interest, *Scotts* offers no iron rule. *Venture*, 2007 WL 3202821, at *6. In the present case, equity favors the October 7, 2009, original judgment as the appropriate date for calculating prejudgment interest. Both the original and amended judgments explicitly designate October 7, 2009, as the terminal date for prejudgment interest accrual. Plaintiffs had an opportunity to object to the language of the original opinion in their initial Rule 59(e) motion, and failed to do so. In fact, in their motion to amend the judgment, Plaintiffs explicitly agreed that October 7, 2009, was the settled cut-off date for prejudgment interest. (Dkt. No. 1099) ("All that remains to be done is calculate the interest

7

due under [M.C.L. § 500.2006] up to the date of the final judgment."). Allowing Plaintiffs to extend prejudgment interest at this late hour would reward Plaintiffs for failing to raise the matter in their initial motion to amend the judgment. For the foregoing reasons, and especially as Plaintiffs' Rule 59(e) motion is untimely, prejudgment interest should run through October 7, 2009, consistent with this Court's prior rulings.

An order and amended judgment consistent with this opinion will be entered.


Dated: September 16, 2010 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE